FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 27, 2026

SEAN F. McAVOY, CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARGARET A.,[1] | No. 4:24-CV-05142-MKD |
| Plaintiff, | ORDER REVERSING AND REMANDING DECISION OF COMMISSIONER |
| v. | |
| FRANK BISIGNANO, COMMISSIONER OF SOCIAL SECURITY, | **ECF Nos. 14, 22** |
| Defendant. | |

Before the Court are the parties' briefs. ECF Nos. 14, 22. Chad Hatfield represents Plaintiff. Special Assistant United State Attorney Michael Mullen represents Defendant. The Court, having reviewed the administrative record and the parties' briefing, is fully informed. For the reasons discussed below, the Court

---

[1] To protect the privacy of plaintiffs in social security cases, the Court identifies them by only their first names and the initial of their last names. *See* LCivR 5.2(c).

ORDER - 1

reverses the Commissioner's decision and remands the case for the immediate calculation and award of benefits.

## JURISDICTION

On October 28, 2016, Plaintiff applied for Title XVI supplemental security income benefits, alleging a disability onset date of August 1, 2015. Tr. 113, 231-41. The application was denied initially and on reconsideration. Tr. 129-33, 137-40. Plaintiff appeared before an administrative law judge (ALJ) on June 6, 2019, and for a supplemental hearing on June 19, 2019. Tr. 42-93. On July 31, 2019, the ALJ denied Plaintiff's claim. Tr. 12-31. This Court subsequently remanded the matter on September 9, 2021. Tr. 934-36. The ALJ held a second hearing on April 14, 2022. Tr. 871-96. On June 24, 2022, the ALJ denied Plaintiff's claim. Tr. 845-69. This Court again remanded the matter on September 12, 2023. Tr. 1494-1519. The ALJ held another hearing on July 24, 2024. Tr. 1434-68. On September 5, 2024, the ALJ denied Plaintiff's claim. Tr. 1405-33. Per 20 C.F.R. § 416.1484, the ALJ's decision following this Court's prior remand became the Commissioner's final decision for purposes of judicial review. The Court has jurisdiction over this case pursuant to 42 U.S.C. § 1383(c)(3).

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is

ORDER - 2

limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012) (citations omitted). "Substantial evidence" means "relevant evidence [that] a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1159 (quotation marks and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation marks and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), *as amended on reh'g* (Aug. 9, 2001). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. §§ 404.1502(a), 416.902(a) (citation omitted). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.* (citation omitted). An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115 (quotation marks and citation omitted). The party appealing the ALJ's decision

ORDER - 3

1    generally bears the burden of establishing that it was harmed.  *Shinseki v. Sanders*,

2    556 U.S. 396, 409-10 (2009).

3                    **FIVE-STEP EVALUATION PROCESS**

4        A claimant must satisfy two conditions to be considered "disabled" within

5    the meaning of the Social Security Act.  First, the claimant must be "unable to

6    engage in any substantial gainful activity by reason of any medically determinable

7    physical or mental impairment which can be expected to result in death or which

8    has lasted or can be expected to last for a continuous period of not less than twelve

9    months."  42 U.S.C. § 1382c(a)(3)(A).  Second, the claimant's impairment must be

10   "of such severity that he is not only unable to do his previous work[,] but cannot,

11   considering his age, education, and work experience, engage in any other kind of

12   substantial gainful work which exists in the national economy."  42 U.S.C. §

13   1382c(a)(3)(B).

14       The Commissioner has established a five-step sequential analysis to

15   determine whether a claimant satisfies the above criteria.  *See* 20 C.F.R. §

16   416.920(a)(4)(i)-(v).  At step one, the Commissioner considers the claimant's work

17   activity.  20 C.F.R. § 416.920(a)(4)(i).  If the claimant is engaged in "substantial

18   gainful activity," the Commissioner must find that the claimant is not disabled.  20

19   C.F.R. § 416.920(b).

20

ORDER - 4

1    If the claimant is not engaged in substantial gainful activity, the analysis

2    proceeds to step two.  At this step, the Commissioner considers the severity of the

3    claimant's impairment.  20 C.F.R. § 416.920(a)(4)(ii).  If the claimant suffers from

4    "any impairment or combination of impairments which significantly limits [his or

5    her] physical or mental ability to do basic work activities," the analysis proceeds to

6    step three.  20 C.F.R. § 416.920(c).  If the claimant's impairment does not satisfy

7    this severity threshold, however, the Commissioner must find that the claimant is

8    not disabled. *Id.*

9    At step three, the Commissioner compares the claimant's impairment to

10   severe impairments recognized by the Commissioner to be so severe as to preclude

11   a person from engaging in substantial gainful activity.  20 C.F.R. §

12   416.920(a)(4)(iii).  If the impairment is as severe or more severe than one of the

13   enumerated impairments, the Commissioner must find the claimant disabled and

14   award benefits.  20 C.F.R. § 416.920(d).

15   If the severity of the claimant's impairment does not meet or exceed the

16   severity of the enumerated impairments, the Commissioner must pause to assess

17   the claimant's "residual functional capacity."  Residual functional capacity (RFC),

18   defined generally as the claimant's ability to perform physical and mental work

19   activities on a sustained basis despite his or her limitations, 20 C.F.R. §

20   416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

ORDER - 5

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. § 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and past work experience. *Id.* If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(g)(1). If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. *Id.*

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant

ORDER - 6

numbers in the national economy."  20 C.F.R. § 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

At step one of the sequential evaluation process, the ALJ found Plaintiff has not engaged in substantial gainful activity since October 28, 2016, the application date.  Tr. 1411.

At step two, the ALJ found that Plaintiff has the following severe impairments: obesity; heart palpitations; fibromyalgia; lumbar generative disc disease; and headaches.  Tr. 1411.

At step three, the ALJ found Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment.  Tr. 1413

The ALJ then concluded that Plaintiff has the RFC to perform light work with the following limitations:

> [S]he can stand and walk for two hours total in combination in an eight-hour workday; she needs the option to use a cane when walking; she can never climb ladders, ropes, or scaffolds; she cannot kneel, crouch, or crawl, and can only occasionally perform all other postural activities; she is limited to a moderate noise environment; she cannot have concentrated exposure to vibration or pulmonary irritants; [and] she can have no exposure to hazards, such as unprotected heights and moving mechanical parts.

Tr. 1415.

ORDER - 7

At step four, the ALJ found Plaintiff has no past relevant work.  Tr. 1424.
At step five, the ALJ found that, considering Plaintiff's age, education, work
experience, RFC, and testimony from the vocational expert, there were jobs that
existed in significant numbers in the national economy that Plaintiff could perform,
to include small product assembler, electrical accessory assembler, eyeglass
assembler, and jewelry preparer.  Tr. 1425.  Therefore, the ALJ concluded Plaintiff
has not been disabled, as defined in the Social Security Act, since October 28,
2016.  Tr. 1426.

### ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying
her supplemental security income benefits under Title XVI of the Social Security
Act.  Plaintiff raises the following issues for review:

  1.  Whether the ALJ properly assed the medical opinion evidence;

  2.  Whether the ALJ properly assessed Plaintiff's testimony;

  3.  Whether the ALJ erred at step three; and

  4.  Whether the ALJ erred at step five.

ECF No. 14 at 9.

Because the Court concludes the ALJ erred with respect to the first and
second issue, as discussed below, and these errors are sufficient for purposes of

ORDER - 8

satisfying the credit-as-true rule, it is not necessary to reach Plaintiff's remaining assignments of error.

## DISCUSSION

### A. Medical Opinion Evidence

Because Plaintiff filed her application before March 27, 2017, the ALJ was required to generally give a treating doctor's opinion greater weight than an examining doctor's opinion, and an examining doctor's opinion greater weight than a non-examining doctor's opinion. *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). The ALJ may only reject the contradicted opinion of a treating or examining doctor by giving "specific and legitimate" reasons. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017).

Plaintiff argues the ALJ improperly assessed two sets of medical opinions. ECF No. 14 at 11-20.

#### 1. Dr. Tacheny

On May 1, 2019, Dr. Tacheny rendered an opinion on Plaintiff's functioning. Tr. 754-56. Dr. Tacheny opined Plaintiff needs to lie down for three to six hours per day; work on a regular and continuous basis would cause Plaintiff's condition to deteriorate; Plaintiff miss four or more days per month if she worked full-time; Plaintiff is severely limited, defined as unable to lift at least two pounds or unable to stand and/or walk; Plaintiff can occasionally use her right

ORDER - 9

and left upper extremities for reaching and handling; and Plaintiff would be off-task or unproductive during a 40-hour workweek over thirty percent of the time. Tr. 754-56.  On March 11, 2022, Dr. Tacheny again endorsed these limitations.  Tr. 1401-03.  The ALJ gave the opinions "little weight."  Tr. 1423.

The ALJ first discounted the opinions as inconsistent with normal objective findings in the record.  Tr. 1423.  This reasoning is erroneous for two reasons. First, contrary to the Court's instruction not to "copy[]" prior analyses of the opinion, Tr. 1507, this ground largely mirrors the ALJ's rationales in the prior decisions.  *Compare* Tr. 1423 (operative ALJ decision) *with* Tr. 1485 (2021 ALJ decision), *and* Tr. 24 (2019 ALJ decision).  By issuing a substantially similar finding, the ALJ contravened the Court's clear mandate.  The Court's review of this already-rejected reason is therefore precluded by the doctrine of the law of the case.  *Stacy v. Colvin*, 825 F.3d 563, 567 (9th Cir. 2016); *see also Sullivan v. Hudson*, 490 U.S. 877, 886 (1989) (noting deviation from a court's remand order in a subsequent administrative proceeding is itself legal error, subject to reversal on further judicial review).  Second, the Ninth Circuit has made clear that "mostly normal results" of objective tests "are perfectly consistent with debilitating fibromyalgia," *Revels*, 874 F.3d at 666, and that an ALJ errs "by effectively requiring objective evidence for a disease that eludes such measurement," *Benecke v. Barnhart*, 379 F.3d 587, 594 (9th Cir. 2004) (cleaned up).  *Revels* further

ORDER - 10

instructs that, in the context of fibromyalgia, an ALJ's citation to "normal muscle strength, tone, and stability, as well as a normal range of motion" is "erroneous." 874 F.3d at 666; *see id.* at 663 ("A person with fibromyalgia may have muscle strength, sensory functions and reflexes that are normal.") (cleaned up).

The ALJ next discounted the opinions as "checkbox forms with minimal explanations." Tr. 1423. However, the record makes clear that Dr. Tacheny had been treating Plaintiff for a period of years before rendering these opinions—and the ALJ explicitly referred to treatment notes from 2017, 2019, 2020, and 2021. Tr. 1422-23. Following years of treatment notes in the record, Dr. Tacheny's opinions "did not stand alone[.]" *Garrison*, 759 F.3d at n.17. The ALJ accordingly erred by discounting the opinions on this ground.

Finally, the ALJ discounted the opinions as "inconsistent with [Plaintiff's] course of treatment, which has been routine and conservative." Tr. 1423. Substantial evidence does not support this finding. This unelaborated finding fails to sufficiently explain how this is a reasonable inconsistency and fails to acknowledge that Dr. Tacheny consistently noted that medications have side effects and limit Plaintiff's activities. Tr. 754, 1401. Moreover, and relatedly, it is well-settled that there is "no cure" for fibromyalgia. *Benecke*, 379 F.3d at 590. The ALJ thus erred by discounting the opinions on this ground. The ALJ accordingly erred by discounting these opinions.

ORDER - 11

1   *2. ARNP Hellberg*

2       Plaintiff argues the ALJ erred by discounting Ms. Hellberg's opinion.  ECF

3   No. 10 at 18-20.  The Court need not determine whether the ALJ properly assessed

4   this opinion however, because the Court's determination regarding the ALJ's

5   assessment of Dr. Tacheny's opinions is sufficient for performing the credit-as-true

6   analysis.

7   **B. Plaintiff's Testimony**

8       Plaintiff faults the ALJ for failing to rely on reasons that were clear and

9   convincing in discrediting her symptom claims.  ECF No. 14 at 23-26.  An ALJ

10  engages in a two-step analysis to determine whether to discount a claimant's

11  testimony regarding subjective symptoms.  SSR 16-3p, 2016 WL 1119029, at *2

12  (Mar. 16, 2016).  "First, the ALJ must determine whether there is objective

13  medical evidence of an underlying impairment which could reasonably be

14  expected to produce the pain or other symptoms alleged."  *Molina*, 674 F.3d at

15  1112 (quotation marks and citation omitted).  "The claimant is not required to

16  show that [the claimant's] impairment could reasonably be expected to cause the

17  severity of the symptom [the claimant] has alleged; [the claimant] need only show

18  that it could reasonably have caused some degree of the symptom."  *Vasquez v.*

19  *Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (quotation marks and citation omitted).

20

ORDER - 12

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (citation and footnote omitted). General findings are insufficient; rather, the ALJ must identify what symptom claims are being discounted and what evidence undermines these claims. *Id.* (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995), *as amended* (Apr. 9, 1996)); *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) (requiring the ALJ to sufficiently explain why it discounted claimant's symptom claims). "The clear and convincing [evidence] standard is the most demanding required in Social Security cases." *Garrison*, 759 F.3d at 1015 (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

Factors to be considered in evaluating the intensity, persistence, and limiting effects of a claimant's symptoms include: (1) daily activities; (2) the location, duration, frequency, and intensity of pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, an individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment an individual uses or has used to relieve pain or other symptoms; and (7)

any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms.  SSR 16-3p, 2016 WL 1119029, at *7; 20 C.F.R. § 416.929(c).  The ALJ is instructed to "consider all of the evidence in an individual's record," to "determine how symptoms limit ability to perform work-related activities."  SSR 16-3p, 2016 WL 1119029, at *2.

The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms, but that Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the evidence.  Tr. 1417.

The ALJ first discounted Plaintiff's testimony as inconsistent with the medical evidence, to include what the ALJ characterized as improvement with treatment.  Tr. 1417-20.  However, because the ALJ erred by discounting the medical opinions of Dr. Tacheny, and necessarily failed to properly evaluate the medical evidence, as discussed above, this is not a valid ground to discount Plaintiff's testimony.  Further, the Ninth Circuit cautions that "reports of improvement" must be interpreted within the context of the entire record and the episodic nature of Plaintiff's chronic conditions.  *Garrison*, 759 F.3d at 1017; *Holohan v. Massanari*, 246 F.3d 1195, 1205 (9th Cir. 2001).  Here, treatment notes show that Plaintiff's symptoms fluctuated; even with medication, she continued to report severe fatigue, dizziness, and leg swelling.  *See, e.g.*, Tr. 1163, 1262-63,

ORDER - 14

1365, 1404.  Occasional improvement does not contradict allegations of persistent

limitations.  *See, e.g., Revels*, 874 F.3d at 663 ("the symptoms of fibromyalgia wax

and wane, and a person may have bad days and good days.") (cleaned up); *Loretta*

*S. v. Comm'r of Soc. Sec. Admin.*, 2020 WL 4559817, at *4 (D. Or. Aug. 7, 2020)

(finding ALJ erred by relying, in part, on treatment notes indicating "no apparent

distress" to discount plaintiff's fibromyalgia claims).  The ALJ's inference that

partial symptom control undermines Plaintiff's testimony is both inconsistent with

Ninth Circuit precedent and unsupported by the record.

Second, the ALJ discounted Plaintiff's testimony as inconsistent Plaintiff's

daily activities, noting Plaintiff, among other things, played video games with her

son, went fishing, took walks, and "spent time at the river and enjoying the sun."

Tr. 1420-21.  Plaintiff's minimal activities are neither inconsistent with nor a valid

reason to discount her allegations.  *See Diedrich v. Berryhill*, 874 F.3d 634, 643

(9th Cir. 2017) ("House chores, cooking simple meals, self-grooming, paying bills,

writing checks, and caring for a cat in one's own home, as well as occasional

shopping outside the home, are not similar to typical work responsibilities.");

*Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001) ("This court has

repeatedly asserted that the mere fact that a plaintiff has carried on certain daily

activities, such as grocery shopping, driving a car, or limited walking for exercise,

does not in any way detract from her credibility as to her overall disability.  One

1  does not need to be 'utterly incapacitated' in order to be disabled.") (quoting *Fair*

2  *v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)); *Reddick*, 157 F.3d at 722 ("Several

3  courts, including this one, have recognized that disability claimants should not be

4  penalized for attempting to lead normal lives in the face of their limitations.");

5  *Cooper v. Bowen*, 815 F.2d 557, 561 (9th Cir. 1987) (noting that a disability

6  claimant need not "vegetate in a dark room" in order to be deemed eligible for

7  benefits). Similarly, Plaintiff's activities do not "meet the threshold for

8  transferable work skills." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (citing

9  *Fair*, 885 F.2d at 603).

10     Third, the ALJ also discounted Plaintiff's testimony as inconsistent with

11  Plaintiff's "course of treatment," finding that Plaintiff has not "trialed advanced

12  migraine medications," has pursued only "basic psychiatric medication

13  management," and has "engaged in minimal treatment for fibromyalgia[.]" Tr.

14  1421. This reasoning does not withstand scrutiny. First, as to Plaintiff's

15  fibromyalgia, as discussed above, there is "no cure" for it. *Benecke*, 379 F.3d at

16  590. Second, as to Plaintiff's migraines, the ALJ does not have the expertise to

17  evaluate either what clinical findings are necessary to corroborate Plaintiff's claims

18  or to opine on the efficacy of "advanced" medications, particularly when the cause

19  of migraines is generally unknown. *See Day v. Weinberger*, 522 F.2d 1154, 1156

20  (9th Cir. 1975) (recognizing that an ALJ is "not qualified as a medical expert");

ORDER - 16

*Johnson v. Saul*, 2019 WL 4747701, at *4 (E.D. Cal. Sept. 30, 2019) (noting that "the cause of migraine headaches is generally unknown"). Third, as to Plaintiff's psychological impairments, the Ninth Circuit has stressed that "'it is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation.'" *Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996) (quoting *Blankenship v. Bowen*, 874 F.2d 1116, 1124 (6th Cir. 1989)). Further, as discussed above, the ALJ failed to meaningfully consider the side effects and limiting nature of certain of Plaintiff's medications. *See Carmickle v. Commiss'r, Soc. Sec. Admin.,* 533 F.3d 1155, 1162 (9th Cir. 2008) ("Carmickle testified that he does not take other pain medication because of adverse side effects . . . on this record Carmickle's minimal treatment is not a proper basis to find him not credible."). The ALJ thus erred by discounting Plaintiff's testimony on this ground.

Finally, the ALJ discounted Plaintiff's testimony based on what the ALJ characterized as an "exceptionally weak work history extending many years before her alleged onset date." Tr. 1422. However, "weak work history alone is not sufficient to discount Plaintiff's reported symptoms." *Sarah A. v. Saul*, 2020 WL 13924723, at *7 (E.D. Wash. Mar. 4, 2020) (citations omitted); *see also Burrell v. Colvin*, 775 F.3d 1133, 1140 (9th Cir. 2014) ("one weak reason," even if supported

1    by substantial evidence, "is insufficient to meet the 'specific, clear and convincing'

2    standard" for rejecting Plaintiff's testimony") (quoting *Molina*, 674 F.3d at 1112).

3    The Court thus concludes the ALJ erred by discounting Plaintiff's testimony.

4    **C. Scope of Remand**

5    When the ALJ commits legal error in denying a claim for benefits, as here,

6    the Court "ordinarily must remand to the agency for further proceedings before

7    directing an award of benefits." *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir.

8    2017).  The Social Security Act, however, grants district courts flexibility in

9    certain circumstances to reverse the ALJ's decision and remand for an immediate

10   award of benefits rather than further administrative proceedings.  *Treichler v.*

11   *Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014).  Plaintiff seeks

12   such a remedy.  ECF No. 14 at 27.

13   Remand for an immediate award of benefits is allowed only when three

14   requirements (collectively referred to as the "credit-as-true" rule) are satisfied: (1)

15   the ALJ failed to provide legally sufficient reasons for rejecting evidence, whether

16   that evidence is claimant testimony or a medical opinion; (2) there are no

17   outstanding issues that must be resolved before a disability determination can be

18   made, the record is fully developed, and further administrative proceedings would

19   serve no useful purpose; and (3) if the improperly discredited evidence were

20   credited as true, the record as a whole would require the ALJ to find the claimant

ORDER - 18

disabled on remand.  *Leon*, 880 F.3d at 1045; *Garrison*, 759 F.3d at 1020.  Even if all three requirements are met, the decision whether to remand a case for further proceedings or simply award benefits is in the Court's discretion.  *Washington v. Kijakazi*, 72 F.4th 1029, 1041 (9th Cir. 2023).  The Court may still remand for further proceedings "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled."  *Garrison*, 759 F.3d at 1021.

All three steps of the credit-as-true rule are satisfied here.  The first requirement is satisfied because, as discussed above, the ALJ failed to properly assess the medical opinion evidence and Plaintiff's testimony.

As for the second requirement, the Court finds further administrative proceedings would serve no useful purpose in light of the unusual posture of this case.  Three administrative hearings have already been held since Plaintiff first applied for benefits in October 2016.  The administrative record spans 1,805 pages.  The Ninth Circuit has emphasized that precedent "foreclose[s] the argument that a remand for the purpose of allowing the ALJ to have a mulligan [to revisit the medical opinions and testimony that were improperly rejected] qualifies as a remand for a 'useful purpose' under the ... credit-as-true analysis."  *Garrison*, 759 F.3d at 1021-22 (citations omitted); *see also Knorr v. Berryhill*, 254 F. Supp. 3d 1196, 1220 (C.D. Cal. 2017) ("[R]emanding for the ALJ to reconsider this evidence, which the ALJ already had an opportunity to review, would simply be

ORDER - 19

allowing the ALJ to have a second bite at the apple."). The record does not require further proceedings.

Third, if the improperly discredited evidence were credited as true, the ALJ would be required to find Plaintiff disabled on remand. As noted above, the ALJ erroneously discounted two medical opinions and testimony that support a significantly more restrictive RFC than the RFC formulated by the ALJ.[2]

Finally, the record as a whole does not create serious doubt as to whether Plaintiff is disabled within the meaning of the Social Security Act. *See Garrison*, 759 F.3d at 1021. The ALJ has already been afforded multiple opportunities to

---

[1]The ALJ found that at least 54,200 jobs existed in the national economy that Plaintiff could perform, consistent with the RFC. Tr. 1425. The Court observes that if Plaintiff were instead restricted to sedentary work, the total number of jobs in the national economy would total only 12,300, Tr. 1425, less than half of 25,000, the amount the Ninth Circuit has considered a "close call" to constitute a sufficiently significant number of jobs. *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 529 (9th Cir. 2014); *see Lemauga v. Berryhill*, 686 F. App'x 420, 422 (9th Cir. 2017) ("The government does not argue before us that the 12,600 available dowel inspector jobs in the national economy represent a significant number. We note that this court has never found a similar number to be significant.").

ORDER - 20

assess the evidence—and has continued to use reasonings expressly rejected the Court. Moreover, the credit-as-true rule is a "prophylactic measure" designed to motivate Defendant to ensure that the record will be carefully assessed and to justify "equitable concerns" about the length of time which has elapsed since a claimant has filed their application. *Treichler*, 775 F.3d at 1100. Despite prior attempts, the administrative decisions continue to not be properly supported, causing extreme delay.

The Court has no serious doubts as to whether Plaintiff is disabled, and finds that the significant delay since Plaintiff applied for disability in October 2016 also weighs in favor of a finding of disability. Under these circumstances, the Court exercises its discretion to remand this matter for a finding of disability.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court concludes the ALJ's decision is not supported by substantial evidence and free of harmful legal error. Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Brief, **ECF No. 14**, is **GRANTED**.

2. Defendant's Brief, **ECF No. 22**, is **DENIED**.

3. The Clerk's Office shall enter **JUDGMENT** in favor of Plaintiff REVERSING and REMANDING the matter to the Commissioner of Social Security for immediate calculation and award of benefits.

ORDER - 21

1    The District Court Executive is directed to file this Order, provide copies to

2  counsel, and **CLOSE THE FILE**.

3    DATED January 27, 2026.

4                    *s/Mary K. Dimke*
                  MARY K. DIMKE
5           UNITED STATES DISTRICT JUDGE

ORDER - 22